IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTONIO VILLAFANA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:17-cv-00088 |
| TINK-A-TAKO, LLC | § | |
| | § | Non-Jury |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Antonio Villafana ("Plaintiff" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant Tink-A-Tako, LLC and shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff for all of his hours and overtime hours at the appropriate rate. Plaintiff was not compensated at the rate of time and one-half his regular rate of pay when he worked outside his normal work schedule and/or worked over 40 hours per week, as required by law.

## II. PARTIES

3. Plaintiff Antonio Villafana is an individual who was employed by Defendant within the meaning of the FLSA. He hereby consents to be a party in this action.

4. Defendant Tink-A-Tako, LLC (Defendant or "Tink-A-Tako") is a Texas domestic limited liability company and can be served with process by certified mail return receipt requested through its registered agent: Hedilberto Arias, 5895 Babcock Road, San Antonio, Texas 78240. A waiver of service has been requested.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV. COVERAGE

7. At all material times, Defendant has acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that

said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. Defendant Tink-A-Tako is a full-service restaurant located in San Antonio, Texas. It is believed Defendant does more than $500,000.00 per year in business.

13. Plaintiff was employed by Defendant and was regularly scheduled to work 75 or more hours in a work week at the restaurant. Mr. Villafana last worked for Defendant at the rate of $10 per hour. He and other similar employees used a time clock or register to sign in and out and record their work hours. A number of employees including Mr. Villafana worked off the clock and/or were paid in cash.

14. Mr. Villafana generally worked 15-19 hours per day and worked 5 to 6 days per week. However, he was not properly paid for all of the time and overtime hours that he worked. Rather, he was paid straight time. Mr. Villafana was underpaid by at least $175-$275 per week. Therefore, he would be entitled to recovery of approximately $225.00 per week in unpaid overtime, an estimate of at least $11,700.00 in unpaid overtime per year.

15. Under the FLSA, Mr. Villafana would be entitled to recovery of at least $11,700.00 in unpaid overtime per year and a like amount of at least $11,700.00 in liquidated damages. He would be entitled to recovery of two years of unpaid overtime and liquidated damages and three years of recovery if the court finds that the conduct is willful. Estimating a recovery for two years of unpaid overtime, Mr. Villafana would be entitled to recovery of $23,400.00 in unpaid overtime and $23,400.00 in liquidated damages.

16. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

17. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VII. RELIEF SOUGHT

18. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

    b.    For an Order awarding Plaintiff the costs of this action;

    c.    For an Order awarding Plaintiff attorneys fees; and

    d.    For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

/s/ *Adam Poncio*
ADAM PONCIO
State Bar No. 16109800
THOMAS N. CAMMACK, III
State Bar No. 24073762
ALAN BRAUN
State Bar No. 24054488
ATTORNEY FOR PLAINTIFF

**PONCIO LAW OFFICES**
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone:(210) 212-7979
Facsimile:(210) 212-5880

**ATTORNEYS FOR PLAINTIFF**